## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIZTANK, INC., IMMEDIATE MARKETING & BUSINESS CONSULTING, INC. a/k/a IMBC, and JOEL KEIN, individually, and as an Officer and Shareholder of IMMEDIATE MARKETING & BUSINESS CONSULTING, INC. and BIZTANK, INC.,<br><br>         Plaintiffs,<br><br><br>       v.<br><br><br>MEHULOL  PUBLICATIONS, LLC d/b/a  AMI MAGAZINE, YITZCHOK FRANKFURTER, And RECHY FRANKFURTER<br><br>        Defendants. | Index No. 520607/2017<br><br><br>**NOTICE OF REMOVAL**<br><br>**Jury Trial Demanded** |

Defendants Mehulol Publications, LLC d/b/a Ami Magazine, Yitzchok Frankfurter and Rechy Frankfurter (collectively "defendants") file this Notice of Removal ("Notice") pursuant to 28 U.S.C.  §1441 with respect to the above captioned case No. 520607/2017 from the Supreme Court of the State of New York, Kings County.

In support of this Notice, defendants state as follows:

**Procedural History**

1.      On October 25, 2017, plaintiffs BIZTANK, Inc., Immediate Marketing & Business Consulting, Inc. a/k/a IMBC ("IMBC"), and Joel Klein, individually, and as an officer and shareholder of IMBC and BIZTANK, Inc., commenced a civil action against the defendants in the Supreme Court of the State of New York, Kings County, under index number 520607/2017 by filing the Summons and Complaint attached as **Exhibit 1**.

2.     Service of the Summons and Complaint was made upon Defendants' counsel on the same day, to wit, October 25, 2017. Affirmation of service is attached as **Exhibit 2.**

3.     On the same day, October 25, 2017, plaintiffs moved in the New York State Court for a temporary restraining order and injunctive relief against defendant enjoining them from, inter alia, using the service mark "BizTank." Attached as **Exhibit 3** is Plaintiffs' Order to Show Cause, as **Exhibit 4** is Plaintiffs' Affirmation of Emergency and as **Exhibit 5** is Plaintiffs' Memorandum of Law in Support of the Order to Show Cause.

4.     After a hearing, the State Court of New York, by Honorable Justice Leon Ruchelsman, entered a temporary restraining order against defendants restraining them, among others, from using the mark BizTank. See Initial Restraining Order attached as **Exhibit 6**.

5.     On October 26, 2017, Honorable Justice Leon Ruchelsman vacated the Initial Restraining Order and recused himself. *See* Order of Recusal attached as **Exhibit 7**.

6.     On October 27, 2017 defendants filed an Order to Show Cause seeking to restrain plaintiffs from, among others, using the name BizTank. See Defendants proposed Order to Show Cause attached as **Exhibit 8.**

7.     On October 27, 2017, the State Court of New York, by Honorable Justice Silvia G. Ash denied both parties requests' for a temporary restraining order with respect to the use of the mark BizTank and issued two orders on consent whereby defendants were restrained from using Plaintiffs Joel Klein and IMBC names and using the content from videos filmed on May 22, 2017.   The briefing on preliminary injunction was set for November 28, 2017.[1] See Order of Justice Ash, proposed by plaintiffs attached as **Exhibit 9** and Order of Justice Ash, proposed by defendants attached as **Exhibit 10**.

---

[1] Defendants request clarification from the Court on whether the same briefing schedule will be followed in this Court or the Court will set a new schedule. If the Court were to set a new briefing schedule, defendants propose that their brief be due on December 5, 2017.

8.     On November 13, 2017, the parties agreed to extend defendants' time to answer the Complaint to December 1, 2017. The parties' stipulation is attached as **Exhibit 11**.

9.     Pursuant to 28 U.S.C. § 1447(b), **Exhibits 1-11** with their attached exhibits constitute "all records and proceedings" in the state court.


**Basis for Removal**

10.    Plaintiffs' Complaint alleges, among others, that defendants are in violation of a federal law, more specifically the Lanham Act, 15 U.S.C. 1125(a). Plaintiffs claim that Defendants' use of the mark BizTank constitutes trademark infringement, trademark dilution, unfair competition and false designation of origin. See ¶¶ 173-188 of **Exhibit 1**. Accordingly, there is a federal question.

11.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

12.    This Court has also supplemental jurisdiction based on 28 U.S.C. § 1367(a) in connection to the New York State law claims of trademark infringement, dilution, unfair competition through misappropriation of skill, labor and expenditure, tortious interference with contractual and prospective contractual relationships and commercial advantage, libel, slander, injurious falsehood, prima facie tort, deceptive acts and practices , all of which are directly related to or intertwined with the Lanham Act federal claims as they all arise from the use of the underlying BizTank mark. Consequently, the state claims arise from and form part of, the exact same case and controversy.  "A court with original federal jurisdiction over certain claims has supplemental jurisdiction over state law claims 'that are so related ... that they form part of the same case or controversy under Article III of the United States Constitution.'" *Bray v. City of N.Y.*, 356

F.Supp.2d 277, 282 (S.D.N.Y.2004). Two claims constitute the "same case or controversy" when they arise from a "common nucleus of operative fact." See *Jones v. Ford Motor Credit Co*., 358 F.3d 205, 213–14 (2d Cir.2004) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).  The elements of the state-law claims, however, must not turn on exactly the same events as the federal claims, sufficient relationship will be found if the facts pertinent to the federal and state claims substantially overlap or if "presentation of the federal claim necessarily [would bring] the facts underlying the state claim before the court." *Lyndonville Sav. Bank* & *Trust Co. v. Lussier*, 211 F.3d 697, at 704 (2d Cir. 2000) (citing *Promisel v. First Am. Artificial Flowers, Inc*., 943 F.2d 251, 254 (2d Cir.1991).

13.     In summary, the claims must be such that it would be expected to try them in one judicial proceeding. *United Mine Workers,* 383 U.S. at 725, 86 S.Ct. *See also Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir.2004) (upholding supplemental jurisdiction over breach of fiduciary duty claims against some defendants based on copyright claims brought against other defendants because all claims arose from the sale of a copyrighted film).

14.     Courts in this Circuit have found that when the evidence with respect to the federal claim is likely to substantially overlap with the one to be presented on the state-law claims, the court has supplemental jurisdiction. *Lyndonville Sav. Bank*, 211 F.3d at 700; *Chaluisan v. Simsmetal E. LLC*, 698 F.Supp.2d 397, 401–06 (S.D.N.Y.2010).

15.     Defendants will file a copy of this Notice of Removal with the Kings County Clerk in the State Court of New York as well as with plaintiffs' counsel, to effect removal of this action to this Court pursuant to 28 U.S.C. § 1446 (d).

16.     Defendants hereby reserve all defenses.

WHEREFORE, defendants request that the above-captioned civil action be removed to and proceed in the United States District Court for the Eastern District of New York.

Dated:  New York, New York
        November 22, 2017

/Francelina M. Perdomo/
Francelina M. Perdomo
Padmaja Chinta
Antoaneta Tarpanova
Cittone & Chinta LLP
One World Trade Center, Suite 8500
New York, New York 10007
Tel. (212) 220-6792
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date appearing below I served a copy of the within paper upon plaintiffs' counsel of record Allyn & Fortuna LLP (Nicholas Fortuna, Esq., nfortuna@allynfortuna.com) 1010 Avenue of Americas, 3rd Floor, New York, New York 10018 via Email.


Date: November 22, 2017



/s/ Francelina Perdomo

Francelina Perdomo, Esq.